# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>**RUSSELL GLENN PIERCE,**<br>**DAVID WILLIAM PEER,**<br>**JOHN DOE # 3-5,**<br>**WARREN TIDWELL,**<br>**JOSHUA WELCH, and**<br>**THOMAS SPENCER,**<br><br>        Defendants. | 8:13CR106<br><br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>**JOHN DOES # 1-3, 5, 8,**<br>**VINCENT DIBERARDINO,**<br>**MICHAEL HUYCK,**<br>**ANTHONY LAURITA,**<br>**BRANDON MOORE,**<br>**JOHN SEBES, and**<br>**GARY REIBERT,**<br><br>        Defendants. | 8:13CR107<br><br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>**KIRK COTTOM,**<br>**DAVID SMITH, and**<br>**KEVIN M. PITMAN,**<br><br>        Defendants. | 8:13CR108<br><br><br>ORDER |

This matter is before the court following the January 24, 2014, pretrial conference pursuant to Federal Rule of Criminal Procedure 17.1. Assistant U.S. Attorney Michael P. Norris appeared in person to represent the United States. U.S. Department of

Justice Attorneys Keith A. Becker and Sarah Chang appeared by telephone to represent the United States. Appearing telephonically for defendants: Joshua D. Rydell represented defendant Russell Glenn Pierce; Jon P. Rion represented defendant Gary Reibert; Stephen M. Misko represented defendant David Smith. Appearing in person for defendants: Glenn A. Shapiro represented defendant David William Peer; Joseph L. Howard represented defendant Warren Tidwell; Wesley S. Dodge represented defendant Joshua Welch; James J. Regan represented defendant Thomas Spencer; Stuart J. Dornan represented defendant Vincent Diberardino; Jerry M. Hug represented defendant Michael Huyck; Mark W. Bubak represented defendant Anthony Laurita; Dana C. Bradford, III represented defendant Brandon Moore; Matthew J. Barbato represented defendant Gary Reibert; Joseph F. Gross, Jr. represented defendant Kirk Cottom; and Julie A. Frank represented defendant Kevin Pitman. Allan L. Sodomsky who represents John Sebes was excused from participating in the hearing at his request. The defendants were not present. Following a discussion with counsel regarding the status of the case, the following deadlines were established:

    1. The parties shall have until **February 3, 2014**, to file any stipulation regarding the defendants' standing to challenge the execution and related matters associated with the search warrants issued between November 15, 2012, and November 17, 2012.

    2. The defendants shall have until **February 19, 2014**, to file notice of an offer of proof containing a general description of the testimony expected of their internet privacy expert witness.

    3. The government shall have until **February 27, 2014**, to file any motions in limine in response to the defendants' offer of proof. Any response to the motion in limine shall be filed by **March 7, 2014**.

    4. The defendants' motions to suppress are scheduled for an omnibus hearing on the issues associated with the search warrants issued between November 15, 2012, and November 17, 2012, before the undersigned magistrate judge **at 8:30 a.m. on April 17-18, 2014**, in Courtroom No. 7, Second Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

Counsel are reminded of the requirements of NECrimR 12.6, which provides as follows:

> **Disclosure of Evidence.** This rule applies to all evidentiary hearings on pretrial motions in criminal cases.
> **(a) Witnesses.** At the time of the hearing, and to the extent reasonably possible, the parties should give the judge and courtroom deputy a written list of all potential witnesses.
> **(b) Exhibits.** At least 24 hours before the hearing, each party should (1) mark the exhibits that party intends to introduce into evidence at the hearing and (2) sent copies to all other attorneys and the presiding judge.

This being a criminal case, each of the defendants must be present. In accordance with Fed. R. Civ. P. 43, any defendant may waive his presence at the suppression hearing by filing a notice with his notarized waiver of his appearance at the hearing, as soon as practicable, but in any event no later than **April 9, 2014**.

**IT IS SO ORDERED**.

Dated this 27th day of January, 2014.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge