IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>RUSSELL GLENN PIERCE,<br>DAVID WILLIAM PEER,<br>WARREN TIDWELL,<br>JOSHUA WELCH, and<br>THOMAS SPENCER,<br><br>        Defendants. | | 8:13CR106<br><br>FINDINGS<br>AND<br>RECOMMENDATIONS |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>VINCENT DIBERARDINO,<br>MICHAEL HUYCK,<br>ANTHONY LAURITA,<br>BRANDON MOORE,<br>JOHN SEBES, and<br>GARY REIBERT,<br><br>        Defendants. | | 8:13CR107<br><br>FINDINGS<br>AND<br>RECOMMENDATIONS |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>KIRK COTTOM,<br>DAVID SMITH, and<br>KEVIN M. PITMAN<br><br>        Defendants. | | 8:13CR108<br><br>FINDINGS<br>AND<br>RECOMMENDATIONS |

      These matters are before the court on various motions to suppress following a combined evidentiary hearing on April 17 and 18, 2014. These matters involve similar

charges relating to child pornography and common issues associated with the government's access to a common internet website. The defendants assert the government's access was improper and any resulting evidence should be suppressed.

In 8:13CR106, defendants Russell Glenn Pierce (Pierce), David William Peer (Peer), Warren Tidwell (Tidwell), Joshua Welch (Welch), and Thomas Spencer (Spencer) are charged in the Second Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and the accessing of a computer in interstate commerce with the intent to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 19, 2012, and December 8, 2012. All of the defendants are also charged in a Forfeiture Allegation seeking the forfeiture of any property used to commit the offenses in Counts I and II in violation of 18 U.S.C. § 2253.[1]

In 8:13CR107, defendants Vincent Diberardino (Diberardino), Michael Huyck (Huyck), Anthony Laurita (Laurita), Brandon Moore (Moore), John Sebes (Sebes), and Gary Reibert (Reibert) are charged in the Second Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and the accessing of a computer in interstate commerce with the intent to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 16, 2012, and December 2, 2012. All of the defendants are also charged in a Forfeiture Allegation seeking the forfeiture of any property used to commit the offenses in Counts I and II in violation of 18 U.S.C. § 2253.[2]

In 8:13CR108, defendants Kirk Cottom (Cottom), David Smith (Smith), and Kevin M. Pitman (Pitman) are charged in the Second Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and the accessing of a computer in interstate commerce with the intent to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 18, 2012, and December 2, 2012. All of the defendants

---

[1] Separate trials have been ordered for of all of the defendants in 8:13CR106 (Filing No. 136).

[2] There are pending motions to sever the trials of all of the defendants in 8:13CR107.

are also charged in a Forfeiture Allegation seeking the forfeiture of any property used to commit the offenses in Counts I and II in violation of 18 U.S.C. § 2253.[3]

The defendants in their respective cases allege a violation of their Fourth Amendment rights resulting from the execution of a search warrant in the District of Nebraska authorizing the use of a Network Investigative Technique (NIT) which led to the monitoring of a computer website in Bellevue, Nebraska (Website A), during November and December 2012 (activating NIT warrant).  As a result, the government identified numerous actual IP addresses leading to issuance of various search warrants for residences and computers.  Whereupon, evidence of child pornography was seized, individuals interviewed, and arrests were made resulting in the Second Superseding Indictments set forth above.  The moving defendants allege the execution of the NIT warrant was improper and any required notice was deficient requiring the suppression of evidence.  Many of the defendants also move to suppress evidence as a result of individual search of their residences or computers.

The court held a consolidated hearing on the motions to suppress only as they relate to the NIT activating warrant.  In 8:13CR106: Filing No. 161 (Pierce); Filing No. 144 (Peer); Filing No. 145 (Tidwell); Filing No. 142 (Welch); and Filing No. 140 (Spencer).  In 8:13CR107: Filing No. 121 (Diberardino); Filing No. 124 (Huyck); Filing No. 196 (Laurita); and Filing No. 117 (Reibert).  In 8:13CR108: Filing No. 53 (Cottom); Filing No. 107 (Smith); and Filing No. 64 (Pitman).  The various motions to suppress also contain requests to suppress evidence seized from individual search warrants and statements which will be left to separate evidentiary hearings.

The consolidated hearing on the NIT activating warrant was held on April 17 and 18, 2014.  The following attorneys appeared:

| | |
|---|---|
| For the United States: | Assistant U.S. Attorney Michael P. Norris Attorneys Keith A. Becker and Sarah Chang of the U.S. Department of Justice Child Exploitation Section. |
| In 8:13CR106: | |
| For Defendant Pierce: | Joshua D. Rydell |
| For Defendant Peer: | Glenn A. Shapiro |

---

[3] Separate trials have been ordered for of all of the defendants in 8:13CR108 (Filing No. 101).

3

| | |
|---|---|
| For Defendant Tidwell: | Joseph L. Howard |
| For Defendant Welch: | Wesley S. Dodge |
| For Defendant Spencer: | James J. Regan |

Defendants Tidwell and Welch were present for the hearing. Defendants Pierce (Filing No. 163), Peer (Filing No. 175) and Spencer (Filing No. 160) waived their appearance at the hearing.

In 8:13CR107:

| | |
|---|---|
| For Defendant Diberardino: | Stuart J. Dornan |
| For Defendant Huyck: | Jerry M. Hug |
| For Defendant Laurita: | Mark W. Bubak |
| For Defendant Moore: | Dana C. Bradford, III |
| For Defendant Reibert: | Kevin L. Lennen |

Defendant Reibert was present for the hearing. Defendants Diberardino (Filing No. 188), Huyck (Filing No. 191), Laurita (Filing No. 190), and Moore (Filing No. 192) waived their appearances at the hearing.

In 8:13CR108:

| | |
|---|---|
| For Defendant Cottom: | Joseph F. Gross, Jr. |
| For Defendant Smith: | Stephen M. Misko |
| For Defendant Pitman: | Julie A. Frank |

Defendant Pitman was present for the hearing. Defendants Cottom (Filing No. 118) and Smith (Filing No. 119) waived their appearance at the hearing.

During the hearing the court heard the testimony of Special Agent Jeff Tarpinian (Agent Tarpinian) of the Federal Bureau of Investigation (FBI). The court also received into evidence Government Exhibits 1-50 and Defendants Exhibits 101-159. The United States entered into a Stipulation with each of the defendants, generally, as follows:

> 1. For the purpose of a Motion to Suppress Evidence from a Search of an Activating Computer resulting from the court/warrant authorizing the deployment of a NIT, the parties agree and stipulate the Court may assume that the court/warrant authorized deployment of the pertinent investigative technique effected a Fourth Amendment search of an activating computer.
>
> 2. At the time the NIT effected a search, the defendant owned an activating computer

> located inside his residence, and the Government will not object to the defendant's claim of standing under the Fourth Amendment to challenge the execution of the pertinent NIT warrant.
> 3. The parties agree that standing, as used in this stipulation, is understood and agreed to be the defendant's claim to a reasonable expectation of privacy in an area searched.
> 4. The parties do not stipulate and agree regarding the question of whether the defendant has/had a reasonable expectation of privacy in information collected pursuant to use of the NIT.

A transcript (TR.) of the hearing was prepared and filed on May 2, 2014 (Filing Nos. 187 and 188 in 8:13CR106; Filing Nos. 224 and 225 in 8:13CR107; and Filing Nos. 136 and 137 in 8:13CR108). The defendants were given until three weeks after the filing of the transcript in which to file any supplemental arguments. The United States was given ten working days thereafter in which to respond.

In 8:13CR106, post-hearing briefs were filed by Pierce (Filing No. 192), Tidwell (Filing No. 191), Welch (Filing No. 189) and Spencer (Filing No. 190). In 8:13CR107, post-hearing briefs were filed by Diberardino (Filing No. 236), Huyck (Filing No. 235), Laurita (Filing No. 242), and Reibert (Filing No. 234). In 8:13CR108, post-hearing briefs were filed by Cottom (Filing Nos. 140 and 141), Smith (Filing Nos. 143 and 144), and Pitman (Filing No. 142). The government filed an omnibus post-hearing brief on June 6, 2014 (Filing No. 194 in 8:13CR106, Filing No. 241 in 8:13CR107, and Filing No. 145 in 8:13CR108). Cottom (Filing No. 146) and Pitman (Filing No. 147) filed a reply. The briefing was complete on June 13, 2014.

These cases involve the investigation of child pornography, i.e., the receipt and accessing of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(b)(1) and 2252A(a)(5)(B). "Website A" was a child pornography bulletin board which advertised and distributed child pornography together with a discussion of matters pertinent to the sexual abuse of children. Website A operated from computers located in the Bellevue, Nebraska, area. Website A involved the use of "The Onion Router" (Tor) software, which enabled online anonymity and resisted censorship. Tor directs internet traffic through a free, worldwide network of relays to conceal a user's location or usage from

anyone attempting network surveillance or traffic analysis. Tor involves the application of layers of encryption (nested like layers of an onion) to anonymize communication by sending the original data to its destination without revealing the source IP address making it impossible to trace the communications back through the network to the actual user who sent the communication.

In an effort to identify actual IP addresses, the FBI sought court authorization to deploy a NIT on Website A. Pursuant to court authorization a NIT was installed on Website A during the period of November 16, 2012, and December 2, 2012. The court authorized delayed notice regarding the execution of the search warrant. Once installed on Website A, each time a user accessed any page of Website A, the NIT sent one or more communications to the user's computer which caused the receiving computer to deliver data to a computer controlled by the FBI which would help identify the computer which was accessing Website A. As a result, the FBI was able to identify a computer's actual IP address and the date and time Website A was accessed together with a date and time of accession with a unique session identifier to distinguish the accession. The NIT did not deny any user access to Website A or possession of the information the user accessed nor did the NIT permanently alter any software or programs on the user's computer. The information obtained from the NIT on the Website A computers during the period of November 16, 2012, and December 2, 2012, was used by law enforcement to identify numerous IP addresses which accessed child pornography on Website A. Thereafter administrative subpoenas were issued to various internet providers to identify IP addresses. Further investigation led to the issuance of individual search warrants related to those IP addresses. As a result of the execution of the individual search warrants, numerous items were seized resulting in the charges against the defendants. None of the defendants in these cases challenge the probable cause for the issuance of the NIT warrant. However, each of the defendants assert any notice they received was defective or late, requiring the suppression of any evidence obtained from the NIT.

When the government sought the NIT warrants, the affidavit in support of the application for the warrant requested to delay notice under 18 U.S.C. § 3103 for 30 days after a user of an "activating" computer, which had accessed Website A, had been identified to a sufficient degree as to provide notice. In each instance, the issuing

magistrate judge granted a delay of the notice. A box on the warrant was checked for approval of the delayed notice. While the form had a 30-day provision, it is clear notice was to be delayed until the user of an activating computer was identified. Even when a computer was identified, more investigation was required to identify the actual user of the computer. The subsequent investigation of IP identifications, address checks, search warrants of residences, and interviews of subjects led to the charging of the actual users. The affidavits and warrants were not prepared by some rogue federal agent but with the assistance of legal counsel at various levels of the Department of Justice. The requested delay of notice was reasonable in light of the number of computers involved and the investigation that would be necessary to identify the end users. Premature notice would risk the destruction of evidence by users before law enforcement officers could detect the identity of the actual users. The warrants were executed in good faith based upon the requests for notice delay believed to be approved by the court. Further, no defendant has shown any prejudice from any perceived notice delay other than his perceived slight of the Fourth Amendment.

The court has reviewed the pre-hearing briefs of the parties together with the post-hearing briefs of the parties including the reply briefs. The courts adopts as its findings of fact the statements of facts set forth in the government's omnibus post-hearing brief (pages 2-8 in Filing No. 194 in 8:13CR106, Filing No. 241 in 8:13CR107, and Filing No. 145 in 8:13CR108). Further, the court adopts as its conclusions of law the reasoning set forth in the government's well written omnibus post-hearing brief (pages 8-31 in Filing No. 194 in 8:13CR106, Filing No. 241 in 8:13CR107, and Filing No. 145 in 8:13CR108). Accordingly,

**IT IS RECOMMENDED TO JUDGE JOSEPH BATAILLON that:**

1. The motions to suppress in 8:13CR106, Filing No. 161 (Pierce), Filing No. 144 (Peer), Filing No. 145 (Tidwell as pertains to the NIT warrant), Filing No. 142 (Welch), and Filing No. 140 (Spencer) be denied.

2. The motions in 8:13CR107, Filing No. 121 (Diberardino), Filing No. 124 (Huyck), Filing No. 196 (Laurita), and Filing Nos. 117 and 131 (Reibert) be denied.

3, The motions to suppress in 8:13CR108, Filing No. 53 (Cottom), Filing No. 107 (Smith), and Filing No. 64 (Pitman) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 28th day of July, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge