IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>RUSSELL GLENN PIERCE,<br>DAVID WILLIAM PEER,<br>JOHN DOES #3, #4 & #5,<br>WARREN TIDWELL,<br>JOSHUA WELCH, and<br>THOMAS SPENCER,<br><br>        Defendants. | **8:13CR106**<br><br>**MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA,<br><br>        Plaintiffs,<br><br>vs.<br><br>VINCENT DIBERARDINO,<br>MICHAEL HUYCK,<br>ANTHONY LAURITA,<br>BRANDON MOORE,<br>JOHN SEBES, and<br>GARY REIBERT,<br><br>        Defendants. | **8:13CR107**<br><br>**MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA,<br><br>       Plaintiffs,<br><br>vs.<br><br>KIRK COTTOM,<br>DAVID SMITH, and<br>KEVIN M. PITMAN,<br><br>        Defendants. | **8:13CR108**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on a number of motions in three related cases. These cases involve charges against multiple defendants who allegedly used common

internet sites in relation to child pornography. The magistrate judge found in favor of the government and against the defendants in regard to all motions.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a). With respect to dispositive motions, a magistrate judge lacks authority to do anything but make recommendations, which are subject to de novo review. *United States v. Lothridge,* 324 F.3d 599, 600 (8th Cir.2003); 28 U.S.C. § 636(b)(1).

These motions include:

### A.  Case 8:13CR106

1.  Defendant Russell Glenn Pierce objections, Filing No. 222, to the findings and recommendation of the magistrate judge ("F&R"), Filing No. 203, denying the motion to suppress, Filing No. 144, motion to suppress search, Filing No. 140, motion to suppress evidence, Filing No. 161, motion to suppress, Filing No. 142, and motion to suppress evidence and statements, Filing No. 145. Case No. 8:13CR106.

2.  David William Peer objects, Filing No. 219, to the F&R, Filing No. 203, to the motions to suppress, Filing No. 144, Filing No. 140, Filing No. 161, Filing No. 142, and Filing No. 145. Case No. 8:13CR106

3.  Defendant Warren Tidwell objects, Filing No. 223, to the F&R, Filing No. 203, to the motions to suppress, Filing No. 144, Filing No. 140, Filing No. 161, Filing No. 142, and Filing No. 145. Case No. 8:13CR106.

4.  Joshua Welch objects, Filing No. 220, to the F&R of the magistrate judge, Filing No. 203, with regard to motions to suppress Filing No. 142, Filing No. 144, Filing No. 140, Filing No. 161, and Filing No. 145. Case No. 8:13CR106.

5. Thomas Spencer objects, Filing No. 217, to the F&R, Filing No. 203, regarding the motions to suppress, Filing No. 140, Filing No. 144, Filing No. 161, Filing No. 142, and Filing No. 145.  Case No. 13CR106.

### B.  Case 8:13CR107

6. Defendant Vincent Diberadino files an objection, Filing No. 272, to the F&R, Filing No. 254, with regard to motions to suppress, Filing No. 121, Filing No. 124, Filing No. 131.  Case No. 8:13CR107.

7. Defendant Michael Huyck files his objection, Filing No. 270, to the F&R, Filing No. 254, to his motion to suppress searches and seizures, Filing No. 124, his motion to suppress supplemental, Filing No. 131, his motion to suppress, Filing No. 121, and his motion to suppress evidence regarding activating computer, Filing No. 196.  Case No. 8:13CR107.

8. Defendant Anthony Laurita's objection, Filing No. 259, to the F&R, Filing No. 254, that the motion to suppress supplemental, Filing No. 131, and the motions to suppress, Filing No. 121, Filing No. 124, and Filing No. 196 be suppressed.  8:13CR107.

9. Defendant Brandon Moore has not objected to the F&R of the magistrate judge, Filing No. 254.  Case No. 8:13CR107

10. Defendant John Sebes has not objected to the F&R.  Case No. 8:13CR107.

11. Defendant Gary Riebert objects, Filing No. 268, to the magistrate's F&R, Filing No. 254, with regard to the motion to suppress supplemental, Filing No. 131, and for oral argument, Filing No. 117, motion to suppress, Filing No. 121, motion to suppress searches and seizures, Filing No. 124, and motion to suppress evidence regarding activating computer, Filing No. 196.  Case No. 13CR107

### C.  Case 8:13CR108

12. Defendant Kirk Cottom objects, Filing No. 151, to the F&R, Filing No. 148, with regard to the motions to suppress, Filing No. 53, Filing No. 64, and Filing No. 107. Case No. 8:13CR108.

13. Defendant David Smith objects, Filing No. 152, to the F&R, Filing No. 148, with regard to the motions to suppress, Filing No. 64, Filing No. 107, and Filing No. 53. Case No. 8:13CR108.

14. Defendant Kevin M. Pitman objects, Filing No. 154, to the F&R, Filing No. 148, with regard to the motions to suppress, Filing No. 64, Filing No. 107, and Filing No. 53.  Case No. 8:13CR108.

## BACKGROUND

The magistrate judge made the following findings, which this court adopts:

These matters are before the court on various motions to suppress following a combined evidentiary hearing on April 17 and 18, 2014. These matters involve similar charges relating to child pornography and common issues associated with the government's access to a common internet website. The defendants assert the government's access was improper and any resulting evidence should be suppressed.

In 8:13CR106, defendants Russell Glenn Pierce (Pierce), David William Peer (Peer), Warren Tidwell (Tidwell), Joshua Welch (Welch), and Thomas Spencer (Spencer) are charged in the Second Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and the accessing of a computer in interstate commerce with the intent to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 19, 2012, and December 8, 2012. All of the defendants are also charged in a Forfeiture Allegation seeking the forfeiture of any property used to commit the offenses in Counts I and II in violation of 18 U.S.C. § 2253.

In 8:13CR107, defendants Vincent Diberardino (Diberardino), Michael Huyck (Huyck), Anthony Laurita (Laurita), Brandon Moore (Moore), John Sebes (Sebes), and Gary Reibert (Reibert) are charged in the Second Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and the accessing of a computer in interstate commerce with the intent to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 16, 2012, and December 2, 2012. All of the defendants are also charged in a Forfeiture Allegation seeking the forfeiture of any property used to commit the offenses in Counts I and II in violation of 18 U.S.C. § 2253.

In 8:13CR108, defendants Kirk Cottom (Cottom), David Smith (Smith), and Kevin M. Pitman (Pitman) are charged in the Second Superseding Indictment with the receipt and attempted receipt of child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and the accessing of a computer in interstate commerce with the intent to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) during the period of November 18, 2012, and December 2, 2012. All of the defendants are also charged in a Forfeiture Allegation seeking the forfeiture of any property used to commit the offenses in Counts I and II in violation of 18 U.S.C. § 2253.

>The defendants in their respective cases allege a violation of their Fourth Amendment rights resulting from the execution of a search warrant in the District of Nebraska authorizing the use of a Network Investigative Technique (NIT) which led to the monitoring of a computer website in Bellevue, Nebraska (Website A), during November and December 2012 (activating NIT warrant).  As a result, the government identified numerous actual IP addresses leading to issuance of various search warrants for residences and computers.  Whereupon, evidence of child pornography was seized, individuals interviewed, and arrests were made resulting in the Second Superseding Indictments set forth above.  The moving defendants allege the execution of the NIT warrant was improper and any required notice was deficient requiring the suppression of evidence. Many of the defendants also move to suppress evidence as a result of individual search of their residences or computers.

8:13CR106, Filing No. 203, Findings and Recommendation, at 1-3.  The magistrate judge further determined that:

>These cases involve the investigation of child pornography, i.e., the receipt and accessing of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(b)(1) and 2252A(a)(5)(B). "Website A" was a child pornography bulletin board which advertised and distributed child pornography together with a discussion of matters pertinent to the sexual abuse of children. Website A operated from computers located in the Bellevue, Nebraska, area. Website A involved the use of "The Onion Router" (Tor) software, which enabled online anonymity and resisted censorship.  Tor directs internet traffic through a free, worldwide network of relays to conceal a user's location or usage from anyone attempting network surveillance or traffic analysis. Tor involves the application of layers of encryption (nested like layers of an onion) to anonymize communication by sending the original data to its destination without revealing the source IP address making it impossible to trace the communications back through the network to the actual user who sent the communication.
>
>In an effort to identify actual IP addresses, the FBI sought court authorization to deploy a NIT on Website A. Pursuant to court authorization a NIT was installed on Website A during the period of November 16, 2012, and December 2, 2012.  The court authorized delayed notice regarding the execution of the search warrant.  Once installed on Website A, each time a user accessed any page of Website A, the NIT sent one or more communications to the user's computer which caused the receiving computer to deliver data to a computer controlled by the FBI which would help identify the computer which was accessing Website A.  As a result, the FBI was able to identify a computer's actual IP

5

> address and the date and time Website A was accessed together with a date and time of accession with a unique session identifier to distinguish the accession. The NIT did not deny any user access to Website A or possession of the information the user accessed nor did the NIT permanently alter any software or programs on the user's computer. The information obtained from the NIT on the Website A computers during the period of November 16, 2012, and December 2, 2012, was used by law enforcement to identify numerous IP addresses which accessed child pornography on Website A. Thereafter administrative subpoenas were issued to various internet providers to identify IP addresses. Further investigation led to the issuance of individual search warrants related to those IP addresses. As a result of the execution of the individual search warrants, numerous items were seized resulting in the charges against the defendants. None of the defendants in these cases challenge the probable cause for the issuance of the NIT warrant. However, each of the defendants assert any notice they received was defective or late, requiring the suppression of any evidence obtained from the NIT.
>
> When the government sought the NIT warrants, the affidavit in support of the application for the warrant requested to delay notice under 18 U.S.C. § 3103 for 30 days after a user of an "activating" computer, which had accessed Website A, had been identified to a sufficient degree as to provide notice. In each instance, the issuing magistrate judge granted a delay of the notice. A box on the warrant was checked for approval of the delayed notice. While the form had a 30-day provision, it is clear notice was to be delayed until the user of an activating computer was identified. Even when a computer was identified, more investigation was required to identify the actual user of the computer. The subsequent investigation of IP identifications, address checks, search warrants of residences, and interviews of subjects led to the charging of the actual users. The affidavits and warrants were not prepared by some rogue federal agent but with the assistance of legal counsel at various levels of the Department of Justice. The requested delay of notice was reasonable in light of the number of computers involved and the investigation that would be necessary to identify the end users. Premature notice would risk the destruction of evidence by users before law enforcement officers could detect the identity of the actual users. The warrants were executed in good faith based upon the requests for notice delay believed to be approved by the court. Further, no defendant has shown any prejudice from any perceived notice delay other than his perceived slight of the Fourth Amendment.

*Id.* at 5-7. The court likewise adopts these findings and recommendations and incorporates them herein.

The magistrate judge conducted a consolidated hearing on the motions to suppress as they relate to the NIT activating warrant.[1]  He adopted the statement of facts in the government's omnibus post-hearing brief, pages 2-8, Filing No. 194, in 8:13CR106, Filing No. 241 in 8:13CR107, and Filing No. 145 in 8:13CR108.  Likewise, the magistrate judge adopted as its conclusions of law as set forth in the government's omnibus post-hearing brief, pages 8-31, Filing No. 194 in 8:13CR106, Filing No. 241 in 8:13CR107, and Filing No. 145 in 8:13CR108.  *See* 8:13CR106, Filing No. 203 at 7.

## DISCUSSION

The defendants first object, arguing that the magistrate judge's findings and recommendations simply adopt the findings and legal conclusions of the government.  The court need not specifically address the argument, as this court has carefully reviewed all facts, relevant law, and objections, de novo.

The defendants next contend that the language of the warrant required notice within 30 days of execution, not after the user was identified.  The court has carefully reviewed this argument and finds it is without merit.  The warrant specifically asked for 30 days post-discovery of the IP address to determine ownership of the computers that were connected to that address.  Further, the affidavit and warrant clearly contemplated additional time to effectuate the discovery of the correct addresses and ownership of the computers.  The magistrate judge reviewed the request for delayed service and found it was a valid one, and granted the request.  The government points out that failure to do so would "seriously jeopardize the success of the investigation into this conspiracy and

---

[1] In 8:13CR106: Filing No. 161 (Pierce); Filing No. 144 (Peer); Filing No. 145 (Tidwell as it pertains to the NIT warrant); Filing No. 142 (Welch); and Filing No. 140 (Spencer).  In 8:13CR107: Filing No. 121 (Diberardino); Filing No. 124 (Huyck); Filing No. 196 (Laurita); and Filing No. 117 (Reibert).  In 8:13CR108: Filing No. 53 (Cottom); Filing No. 107 (Smith); and Filing No. 64 (Pitman).

7

impede efforts to learn the identity of the individuals that participate in this conspiracy, and collect evidence of, and property used in committing, the crimes (an adverse result under 18 U.S.C. §3103a(b)(l) and 18 U.S.C. § 2705)." Filing No. 153-1, Affidavit, Ex. 1, ¶ 27. The affidavits further articulated that "the investigation has not yet identified an appropriate person to whom such notice can be given." *Id.* at ¶ 28.

The court has likewise reviewed these documents and that particular request and determines it is in fact valid under the law. *See* Fed. R. Crim. P. 41(f)(3) (setting forth notice requirements); *United States v. Pangburn,* 983 F.2d 449, 455 (2d Cir. 1993) ("The Fourth Amendment does not deal with notice of any kind, but Rule 41 does."). The Eighth Circuit has stated failure to comply with Rule 41 "does not automatically require the exclusion of evidence in a federal prosecution." *United States v. Spencer*, 439 F.3d 905, 913 (8th Cir. 2006) (citing *United States v. Schoenheit,* 856 F.2d 74, 76 (8th Cir. 1988)). Rather, as the Eighth Circuit indicated, when the government does not comply with the requirements of Rule 41, exclusion is warranted only if: (1) the defendant can demonstrate that he was prejudiced, or (2) "reckless disregard of proper procedures is evident." *Spencer*, 439 F.3d at 913; *United States v. Nichols*, 344 F.3d 793, 799 (8th Cir. 2003).

The court agrees that the 30-day delayed notice, under the facts of this case, did not create any violation of Rule 41. In the alternative, the court finds that there is no showing of prejudice or reckless disregard to the appropriate procedures and finds good cause existed for the extension of the notice date requirements. The requests and reasons for the request were clearly set forth in the affidavit and the request for the search, and the magistrate judge reviewed and approved the requests. It is clear that

notice was delayed until the user of the computer could be identified and until the actual user could be determined. The court agrees that the delay was reasonable in this case.

Defendants next argue that there was no foundation for the magistrate judge's determination that legal counsel from the department of justice assisted with the preparation of these warrants. The court is not even sure how to address this argument, other than to say it is irrelevant, as the result is the same whether or not the Department of Justice assisted with the preparation of the warrants.

Defendant Tidwell also objects, Filing No. 223, arguing that no computer owned by him was involved in the government internet website. The court agrees with the government in this regard. If Tidwell did not own this computer, he has no expectation of privacy, and thus no standing to challenge the NIT warrant or the execution of the warrant. *See,* e.g., *United States v. Stringer,* 739 F.3d 391, 396 (8th Cir. 2014) (finding defendant lacked expectation of privacy in, and therefore standing to challenge evidence seized from cell phone belonging to another defendant). The same type of analysis applies to defendant David Smith. *See United States v. Rodriguez-Arreola*, 270 F.3d 611, 616 (8th Cir. 2001) (finding defendant "cannot use the violation of another individual's rights as the basis for his own Fourth Amendment challenge.") (citing *United States v. Payner*, 447 U.S. 727, 731 (1980)).

The court also notes that defendants Brandon Moore and John Sebes did not object to the F&R of the magistrate judge. Consequently, such findings are adopted in their entirety with regard to those defendants, consistent with the findings as set forth herein.

THEREFORE, IT IS ORDERED:

1. The motions to suppress in 8:13CR106, Filing No. 161 (Pierce), Filing No. 144 (Peer), Filing No. 145 (Tidwell as pertains to the NIT warrant), Filing No. 142 (Welch), and Filing No. 140 (Spencer) are denied.

2. The motions in 8:13CR107, Filing No. 121 (Diberardino), Filing No. 124 (Huyck), Filing No. 196 (Laurita), and Filing Nos. 117 and 131 (Reibert) are denied.

3. The motions to suppress in 8:13CR108, Filing No. 53 (Cottom), Filing No. 107 (Smith), and Filing No. 64 (Pitman) are denied.

4. The objections of the defendants, Filing Nos. 217, 219, 220, 222, 223, in Case No. 8:13CR106; Filing Nos. 259, 268, 270, and 272, in Case No. 8:13CR107; and Filing Nos. 151, 152, and 154 in Case No. 8:13CR108; are denied.

5. The findings and recommendations of the magistrate judge, Filing No. 203 in Case No. 8:13cr106; Filing No. 254 in Case No. 8:13CR107; and Filing No. 148 in Case No. 8:13CR108, are adopted in their entirety.

Dated this 14th day of October, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge