IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                     Plaintiff,                          **8:13CR107**

          v.
                                                    **MEMORANDUM AND ORDER**
MICHAEL HUYCK,

                     Defendant.

This matter is before the court on defendant Michael Huyck's objection, Filing No. 332, to the Findings and Recommendation ("F&R") of the United States magistrate judge, Filing No. 307, on Huyck's Motion to Suppress evidence found in a search of his residence on April 9, 2013, Filing No. 124.  Defendant Huyck is charged in the second superseding indictment with receipt and attempted receipt of child pornography, in violation of 18 U.S.C. Section 2252A(a)(2) and (b)(1), and the accessing of a computer in interstate commerce with the intent to view child pornography, in violation of 18 U.S.C. Section 2252A(a)(5)(B), during the period of November 16th, 2012, and December 2nd, 2012.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the entire record, including the transcript of the suppression hearing.  *See* Filing No. 319, Transcript.  The court accepts the facts set out by the magistrate judge and they need not be repeated here, except to the extent necessary to this court's findings.  *Id.* at 7. Briefly, the evidence shows that the information on which the warrant was based was

discovered in November, 2012, and the application for the search warrant was applied for and granted on April 4, 2013. *Id.*; Filing No. 222, Index of Evid., Ex. 25.

The defendant challenged the search on the basis of staleness. The magistrate judge recommended that the motion be denied. Filing No. 319, Transcript at 11. Huyck argues that the magistrate judge erred in determining that *United States v. Estey*, 595 F.3d 836 (8th Cir. 2010) and similar cases controlled the determination of whether probable cause to search Huyck's residence was stale and erred by concluding good-faith exception of *United States v. Leon*, 468 U.S. 897 (1984), applied in this case.

The court agrees with the magistrate judge's conclusion that under Eighth Circuit precedent, evidence developed within several months of an application for a search warrant for child pornography evidence is not stale. *See United States v. Estey*, 595 F.3d 836, 840 (8th Cir. 2010) (involving a search warrant issued five months after discovering information linking the defendant's residence with child pornography). A delay of this length is in line with those approved in other cases. *See, e.g., id.*; *United States v. Horn*, 187 F.3d 781, 786–787 (8th Cir. 1999) (a warrant not stale three or four months after child pornography information was developed); *United States v. Davis*, 313 Fed. App'x 672, 674, (4th Cir. 2009) (holding that information a year old is not stale as a matter of law in child pornography cases); *United States v. Hay*, 231 F.3d 630, 636 (9th Cir. 2000) (warrant based on six-month old information not stale in child pornography case); *United States v. Lacy*, 119 F.3d 742, 745–46 (9th Cir.1997) (warrant upheld for child pornography based on ten month old information). The court also agrees that the argued distinction between accessing a child pornography website and collecting child pornography via a peer-to-peer network is a meaningless distinction and makes no

2

difference with respect to the determination of whether the information supporting the warrant was recent enough to indicate that there was a fair probability that contraband or evidence of a crime would be found at the time of the search.  The warrant was supported by an affidavit stating that child pornography could be stored or retained, intentionally or unintentionally, on computers and other media indefinitely and the path of electronic communications could be traced.  *See* Filing No. 222, Exhibit list, Ex. 25, Residential Search Warrant and Affidavit.

In light of this finding, the court need not address the *Leon* good-faith exception, but notes that there is no evidence that the officer's affidavit included information known to be false, or other indications that the magistrate was misled in issuing the warrant or was not neutral or detached.  Accordingly, the court concludes that the defendant's objections to the F&R should be overruled, the magistrate judge's F&R should be adopted and the defendant's motion to suppress should be denied.

IT IS ORDERED:

1.      Defendant Huyck's objections to the F&R (Filing No. 332) are overruled,

2.      The Findings and Recommendation of the magistrate judge (Filing No. 307) is hereby adopted.

3.      Defendant Huyck's motion to suppress (Filing No. 124) is denied.

Dated this 23rd day of January, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge